IN THE THIRTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR HILLSBOROUGH COUNTY STATE OF FLORIDA
CIVIL DIVISION

MICHAEL CASSELTON,

          Plaintiff,

vs.

JEREMY HUTCHINS, an Individual,
PV HOLDING CORP., a
Foreign Profit Corporation, and
PROGRESSIVE AMERICAN
INSURANCE COMPANY, a Foreign
Profit Corporation.

          Defendants.
_____/

CASE NO.: 11 005732

DIVISION: DIVISION C

## COMPLAINT

COMES NOW the Plaintiff, MICHAEL CASSELTON, by and through his undersigned counsel and sues the Defendants, JEREMY HUTCHINS, an individual, PV HOLDING CORP., a foreign profit corporation, and PROGRESSIVE AMERICAN INSURANCE COMPANY, a foreign profit corporation, and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand ($15,000.00) dollars.

2. Venue for this action is the Thirteenth Judicial Circuit, in and for Hillsborough County, State of Florida, Civil Division.

3. That at all times material hereto, the Plaintiff, MICHAEL CASSELTON, was a resident of Hillsborough County, Florida.

4. That all times material hereto, the Defendant, PV HOLDING CORP., was a foreign corporation authorized to do, and doing business in the State of Florida.

5. That all times material hereto, the Defendant, PROGRESSIVE AMERICAN INSURANCE COMPANY, was a foreign corporation authorized to do, and doing business in the State of Florida.

## COUNT I

### CLAIM AGAINST DEFENDANT, JEREMY HUTCHINS

6. Plaintiff, MICHAEL CASSELTON, iterates and re-alleges all of the allegations contained in paragraphs 1 through 5 of this complaint as though fully restated herein.

7. That on or about May 15, 2007, Plaintiff, MICHAEL CASSELTON, was prudently operating his motor vehicle southbound on Bayshore Boulevard in Tampa, Florida.

8. That at the same time and place, the Defendant, JEREMY HUTCHINS, did operate, maintain and/or control his motor vehicle in such a negligent manner, so as to cause said motor vehicle to collide with the rear-end of Plaintiff's motor vehicle.

9. That as a direct and proximate result of the negligence of the Defendant, JEREMY HUTCHINS, Plaintiff, MICHAEL CASSELTON, has suffered in the past, and will continue to suffer in the future the following damages:

    a. Permanent bodily injuries within a reasonable degree of medical probability;

    b. Pain and suffering; past, present and future;

    c. Physical limitations and impairments;

    d. Decreased capacity for the enjoyment of life and decreased life choices;

    e. Lost wages and decreased wage earning capacity;

  f. Medical expenses for the care and treatment of his injuries, past and future; and,

  g. Mental anguish.

10. The injuries consist in whole or in part of a significant and permanent loss of bodily functions, and a permanent injury within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, then Plaintiff, MICHAEL CASSELTON, claims entitlement to all damages resulting from non-permanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault Benefits).

**WHEREFORE,** the Plaintiff, MICHAEL CASSELTON, demands judgment against the Defendant, JEREMY HUTCHINS, jointly and severally with co-defendant, for damages, post-judgment interest, costs of these proceedings, and further demands a trial by jury on all issues so triable.

## COUNT II

### CLAIM AGAINST DEFENDANT, PV HOLDING CORP. – VICARIOUS LIABILITY

11. Plaintiff, MICHAEL CASSELTON, iterates and re-alleges all of the allegations contained in paragraphs 1 through 5 of this complaint as though fully restated herein.

12. That on or about May 15, 2007, JEREMY HUTCHINS, operated a motor vehicle jointly owned by PV HOLDING CORP. with its full knowledge and consent.

13. That as owner or lessee of said motor vehicle, Defendant, PV HOLDING CORP., is vicariously liable for the negligence of its permissive driver, JEREMY HUTCHINS.

14. As a direct and proximate result of the Defendant's permissive driver, JEREMY HUTCHINS, Plaintiff, MICHAEL CASSELTON, has suffered and will continue to suffer in the future the following damages:

   a. Permanent bodily injuries within a reasonable degree of medical probability;

   b. Pain and suffering; past, present and future;

   c. Physical limitations and impairments;

   d. Decreased capacity for the enjoyment of life and decrease of life choices;

   e. Loss of earnings, past, present, and future;

   f. Medical expenses for the care and treatment of his injuries, past and future; and,

   g. Mental anguish.

15. The injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and permanent injuries within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, then Plaintiff, MICHAEL CASSELTON, claims entitlement to all damages resulting from non-permanent injuries and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault Benefits).

**WHEREFORE**, Plaintiff, MICHAEL CASSELTON, demands judgment jointly and severally against the Defendant, PV HOLDING CORP., jointly and severally with co-defendant, for damages, post-judgment interests, costs of these proceedings, and further demands a trial by jury on all issues so triable.

## COUNT III

16. That Plaintiff, MICHAEL CASSELTON, re-alleges paragraphs 1 through 15 of this Complaint as though fully restated herein.

17. At all times relevant hereto, tortfeasors, JEREMY HUTCHINS and PV HOLDING CORP., and the tortfeasor vehicle were underinsured by bodily injury liability insurance coverage.

18. That Plaintiff, MICHAEL CASSELTON, was covered under a contract of automobile insurance by the Defendant, PROGRESSIVE AMERICAN INSURANCE COMPANY, which policy included uninsured and underinsured motorist coverage. A copy of the insurance declaration sheet is attached hereto as Exhibit "A".

19. The contract of insurance provides for uninsured and underinsured motorist coverage for the Plaintiff, MICHAEL CASSELTON, for bodily injuries and losses sustained as a result of an uninsured or underinsured tortfeasor.

20. Plaintiff is entitled to benefits under uninsured/underinsured motorist coverage with defendant, PROGRESSIVE AMERICAN INSURANCE COMPANY.

21. Plaintiff, MICHAEL CASSELTON, has otherwise complied with all conditions precedent to the bringing of this lawsuit.

**WHEREFORE**, Plaintiff, MICHAEL CASSELTON, demands judgment against the Defendant, PROGRESSIVE AMERICAN INSURANCE COMPANY, for damages, together with costs and interest, and demands trial by jury on all issues so triable.

**DATED** this _10th_ day of May, 2011.

LAW OFFICES OF JOSEPH A. PORCELLI
4644 Glissade Drive
New Port Richey, FL 34652
(727) 843-9223; (727) 786-5665 fax


By: _[signature]_
JOSEPH A. PORCELLI, ESQUIRE
Florida Bar No.: 80837   FBN 001381?
**ATTORNEY FOR PLAINTIFF**

Progressive Claims Branch  
4221 W. Boy Scout Blvd, Suite 400  
Tampa, Florida 33607-5765  
Ph. 813-801-3600  
Fax: 813-873-7940

Underwritten By: Progressive American Ins. Co.  
Policy Number:  
Claim Number: 07-3217237  
Date of Loss: 05/15/07  
Your Client: **Michael S. Casselton**  
Today's Date: July 3, 2007

Law Offices of Joseph A. Porcelli, P.A.  
4644 Glissade Drive  
New Port Richey, FL 34652

Dear Counselor:

The purpose of this letter is to advise I am in receipt of your letter of representation. As required by Florida Statute 627.4137 (formerly 627.7264) the following is our Statement Under Oath:

A. Name of the insurer: Progressive American Insurance Company
B. Name of each insured: **Denise Casselton, Michael Casselton**
C. The limits of liability coverage: **Bodily Injury Liability: $50,000 each person / $100,000 each accident**
   **Property Damage: $50,000 each accident**
D. A statement of any policy or coverage defense, which such insurer reasonably believes, is available to such insurer at the time of filing such statement: **There are no coverage issues at this time, however, we reserve the right to amend this portion of our responsibility, should any issues arise in the future.**
E. A complete copy of the policy is enclosed. No UM form due to policy selection.

If you feel Progressive has failed to fully comply with all of the requirements as set forth under 627.4137, please do not hesitate to contact, **Whitney Beauchaine**, the assigned adjuster at **813-998-3950**.

I, _Janelle Comito_, hereby swear, under oath and penalty of perjury, that the contents of this disclosure made pursuant to Florida Statute 627.4137 are true and correct.

Progressive American Ins. Co.  
By its: _Janelle Comito_  
Claims Manager, Janelle Comito

CLT

Enclosure(s): Insured's Declaration Page  
PIP Log

Cc: WXS

SWORN TO AND SUBSCRIBED before me this 11th day of July, 2007 by Janelle Comito, personally known to me or who produced _____ as identification.

_C. B. Dobl_  
NOTARY PUBLIC, State of Florida  
My Commission Expires: 1/21/11

CLARENCINA B. GOLDWIRE  
Commission DD 631700  
Expires January 21, 2011  
Bonded Thru Troy Fain Insurance 800-385-7019

QUORUM INSURANCE
PO BOX 89986
TAMPA, FL 33689

**drive®**
INSURANCE FROM PROGRESSIVE

**Policy number:**
Underwritten by:
Progressive American Insurance Co
January 22, 2007
Policy Period: Mar 1, 2007 - Sep 1, 2007
Page 1 of 3

DENISE CASSELTON
MICHAEL CASSELTON

**813-832-2060**
QUORUM INSURANCE
Contact your agent for personalized service.

**driveinsurance.com**
Online Service
Make payments, check billing activity, update policy information or check status of a claim.

**800-925-2886**
To report a claim.

# Auto Insurance Coverage Summary
## This is your Renewal Declarations Page

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on March 1, 2007 at 12:01 a.m. This policy expires on September 1, 2007 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle unless the policy contract or endorsements indicate otherwise. The policy contract is form 9610A FL (10/05).

## Drivers and household residents

| | Additional information |
|---|---|
| DENISE CASSELTON | Named insured |
| MICHAEL CASSELTON | Named insured |

## Outline of coverage

### 1994 Chevrolet K1500   4x4pk

| VIN | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | |
| Bodily Injury Liability | $50,000 each person/$100,000 each accident | | $101 |
| Property Damage Liability | $50,000 each accident | | 88 |
| Personal Injury Protection | $10,000 | $0 | 62 |
| Named Insured and Dependent Relatives | | | |
| Uninsured Motorist - Nonstacked | $50,000 each person/$100,000 each accident | | 52 |
| Medical Payments | $2,000 each person | | 16 |
| Comprehensive | Actual Cash Value | $250 | 24 |
| Collision | Actual Cash Value | $250 | 88 |
| Total premium for 1994 Chevrolet | | | **$431** |

Form 6489 FL (10/05)


Continued

Policy number:
DENISE CASSELTON
MICHAEL CASSELTON
Page 2 of 3

**2005 Ford Focus ZX4 4D**

| VIN | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | |
|   Bodily Injury Liability | $50,000 each person/$100,000 each accident | | $117 |
|   Property Damage Liability | $50,000 each accident | | 93 |
| Personal Injury Protection | $10,000 | $0 | 80 |
| Named Insured and Dependent Relatives | | | |
| Uninsured Motorist - Nonstacked | $50,000 each person/$100,000 each accident | | 70 |
| Medical Payments | $2,000 each person | | 22 |
| Comprehensive | Actual Cash Value | $250 | 18 |
| Collision | Actual Cash Value | $250 | 199 |
| Total premium for 2005 Ford | | | **$599** |

**1980 MG Mgb    CV**

| VIN | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | |
|   Bodily Injury Liability | $50,000 each person/$100,000 each accident | | $74 |
|   Property Damage Liability | $50,000 each accident | | 58 |
| Personal Injury Protection | $10,000 | $0 | 55 |
| Named Insured and Dependent Relatives | | | |
| Uninsured Motorist - Nonstacked | $50,000 each person/$100,000 each accident | | 45 |
| Medical Payments | $2,000 each person | | 14 |
| Comprehensive | *Actual Cash Value or Stated Amount | $250 | 28 |
| Collision | *Actual Cash Value or Stated Amount | $250 | 156 |
| Total premium for 1980 MG | | | **$430** |

* In the event of a total loss of this vehicle, the maximum amount payable is the lesser of the Actual Cash Value or the stated amount of $10,000.

| | |
|---|---|
| **Subtotal policy premium** | **$1,460.00** |
| Florida Hurricane Catastrophe Fund Assessment | 14.60 |
| **Total 6 month policy premium** | **$1,474.60** |
| Discount if paid in full | -153.52 |
| **Total 6 month policy premium if paid in full** | **$1,321.08** |

## Premium discounts

Policy

                                              multi-car

Vehicle

| | |
|---|---|
| 1994 Chevrolet K1500   4x4pk | anti-lock brakes and passive anti-theft device |
| 2005 Ford Focus ZX4 4D | anti-lock brakes, airbag and passive anti-theft device |

## Lienholder information

Lienholder:    BLACKHILLS FCU

Form 6489 FL (10/05)


Continued

Policy number: 13870059-3
DENISE CASSELTON
MICHAEL CASSELTON
Page 3 of 3

## Reimbursement of Surcharges

In accordance with Florida Statute §626.9541, you are entitled to reimbursement of the surcharge imposed for the accident(s) mentioned in the Driving History section if you demonstrate that the operator involved in the accident was:

- Lawfully parked;
- Reimbursed by, or on behalf of, a person responsible for the accident or has a judgement against such person;
- Driving a vehicle which was struck in the rear by another vehicle headed in the same direction and was not convicted of a moving traffic violation in connection with the accident;
- Hit by a "hit-and-run" driver, if the accident was reported to the proper authorities within 24 hours after discovering the accident;
- Not convicted of a moving traffic violation in connection with the accident, but the operator of the other automobile involved in such accident was convicted of a moving traffic violation;
- Finally adjudicated not to be liable by a court of competent jurisdiction;
- In receipt of a traffic citation which was dismissed or nolle prossed; or
- Not a fault as evidenced by a written statement from the insured establishing facts demonstrating lack of fault which are not rebutted by information in the insurer's file from which the insurer in good faith determines that the insured was substantially at fault.

## Policyholder inquiries

You may call your agent at 813-832-2060 to present inquiries or obtain information about coverage, and to obtain assistance with any complaints.

## Agent signature

*[signature: Anthony Johnson]*

## Company officers

*[signature: Dane Q. Shallow]*

Secretary

Form 6489 FL (10/05)